## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAKEEM BURROUGHS, | : | CIVIL NO. 3:24-CV-943 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I.    Factual Background

This Federal Tort Claims Act (FTCA) lawsuit filed by a federal inmate comes before us for consideration of a motion to dismiss filed by the United States. (Doc. 6). That motion was originally styled in three fashions: as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure; as a summary judgment motion under Rule 56 of the Federal Rules of Civil Procedure; and as a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id.) In its original form, the motion advanced two legal claims. The motion to dismiss for lack of subject matter jurisdiction and summary judgment motion asserted the bar of the statute of limitations, arguing that Burroughs' complaint was untimely. The Rule 12(b)(6) motion, in turn, raised a narrower issue,

1

asserting that Burroughs' complaint failed to state a plausible claim of intentional infliction of emotional distress upon which relief may be granted.

The United States has now withdrawn its statute of limitations arguments. Thus, all that remains for our consideration is the question of whether Burroughs' complaint states a plausible claim of intentional infliction of emotional distress. As to this issue, the well-pleaded facts in the plaintiff's complaint, which guide our consideration of this motion to dismiss, allege as follows:

This case arises out of an incident in which Burroughs suffered significant facial injuries during a June 8, 2022, prisoner transport. According to Burroughs, at the time of this transport he was restrained in shackles, handcuffs and a belly chain, all of which significantly restricted his mobility. It is alleged that staff ordered Burroughs to exit the prison van while restrained in this fashion but negligently failed to assist him in any way. As a result of this alleged negligence Burroughs fell forward striking his head on the concrete pavement and suffering serious and painful facial injuries. (Doc. 1, ¶¶ 11-29). These averments form the basis of a negligence claim lodged by the plaintiff. The United States does not challenge the legal sufficiency of this claim in its motion to dismiss.

Instead, this motion to dismiss focuses upon a second tort claim advanced by Burroughs, an allegation of intentional infliction of emotional distress. As to this claim, the well-pleaded facts in the complaint aver that, after watching Burroughs fall

face first on concrete pavement due to their own negligence, correctional staff produced, obtained, and distributed video footage of Burroughs's traumatic injury throughout the prison for the sole purpose of humiliating the plaintiff and amusing themselves based upon his suffering. (Id., ¶¶ 19-23, 30).

With Burroughs' intentional infliction of emotional distress claim framed in this fashion, the United States has filed a motion to dismiss this claim, arguing that the facts alleged do not satisfy the exacting legal standards set for this tort under Pennsylvania law. (Doc. 6). This motion is fully briefed and is, therefore, ripe for resolution.

While we recognize that Burroughs faces a demanding task in asserting a claim of intentional infliction of emotional distress, which requires proof of outrageous conduct, in our view defining outrageous behavior is a fact-specific inquiry which requires us to foray beyond the pleadings. Moreover, we are not prepared to state categorically that videotaping and dissemination an episode of human suffering for the sole purpose of humiliating the victim of that suffering does not constitute intentional infliction of emotional distress. Accordingly, for the reasons set forth below, we recommend that the motion to dismiss be denied without prejudice to renewal of this defense through a properly documented summary judgment motion at the close of discovery.

## II.    __Discussion__

### A.    __Motion to Dismiss – Standard of Review__

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal,</u> –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.,</u> 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

4

bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u>, at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u>, at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>, at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

[B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

[A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

6

> This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.'"

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but

which are not physically attached to the pleading, may be considered." <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002); <u>see also</u> <u>U.S. Express Lines, Ltd. v. Higgins</u>, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).

## B.    <u>Guiding Legal Benchmarks-Intentional Infliction of Emotional Distress</u>

It is well settled that: "The cause of action in an FTCA claim, . . . , must come from state tort law." <u>CNA v. United States</u>, 535 F.3d 132, 141 (3d Cir. 2008). Therefore, evaluation of the legal viability of Burroughs' intentional infliction of emotional distress claim under the FTCA is undertaken through the legal lens of Pennsylvania tort law.

Pennsylvania sets exacting standards for the tort of intentional infliction of emotional distress. Under Pennsylvania Law, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is

subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." 10 Restatement (Second) of Torts § 46(1) (1965). Our sister court has explained that, to establish a claim for intentional infliction of emotional distress: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." Richardson v. Barbour, No. 2:18-CV-01758-JMG, 2020 WL 4815829, at *14 (E.D. Pa. Aug. 19, 2020). With regard to the level and severity of the conduct alleged, the Pennsylvania Superior Court has noted:

> "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Buczek v. First National Bank of Mifflintown, 366 Pa.Super. 551, 558, 531 A.2d 1122, 1125 (1987). Described another way, "[i]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort."

Hoy v. Angelone, 554 Pa. 134, 151, 720 A.2d 745, 754 (1998) (quoting Restatement (Second) of Torts § 46, comment d; Daughen v. Fox, 372 Pa.Super. 405, 412, 539 A.2d 858, 861 (1988)). Applying these standards:

> Conduct that Pennsylvania courts have deemed sufficiently outrageous to constitute IIED includes: (1) killing the plaintiff's son with an automobile and then burying the body, rather than reporting the incident to the police; (2) intentionally fabricating documents that led to the plaintiff's arrest for murder; and (3) knowingly releasing to the press false medical records diagnosing the plaintiff with a fatal disease.

Mills v. City of Harrisburg, 589 F. Supp. 2d 544, 558 (M.D. Pa. 2008), aff'd, 350 F. App'x 770 (3d Cir. 2009) (citing Hoy v. Angelone, 554 Pa. 134, 720 A.2d 745, 754 (1998)). We have also held that "blatantly abhorrent conduct" involving the sexual exploitation of others may be actionable as intentional infliction of emotional distress. Doe v. Schuylkill Cnty. Courthouse, No. 3:21-CV-477, 2022 WL 1463988, at *7 (M.D. Pa. May 6, 2022).

These legal cairns guide us in our consideration of this motion to dismiss.

**C.    The Motion to Dismiss Should Be Denied Without Prejudice**.

Pennsylvania law undeniably sets an extremely high bar when defining what constitutes "outrageous" conduct for purposes of an intentional infliction of emotional distress claim. However, when defining the level of outrageousness necessary for tort liability in Pennsylvania, factual context is often crucial. Simply put, when deciding whether specific actions are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and are regarded as atrocious and utterly intolerable in a civilized society, we often must foray beyond the pleadings and examine the underlying facts.

So it is here.

With our judgment currently confined to the well-pleaded facts in Burroughs' complaint, those facts allege that Burroughs suffered serious injuries exiting a prison

transport due to the negligence of correctional staff. It is then alleged that staff who were responsible for this negligent injury compounded Burroughs' injury by videotaping and disseminating this episode of human suffering for the sole purpose of humiliating Burroughs. At this early stage of the litigation, we are not prepared to categorically declare as a matter of law that this alleged behavior does not evince the level of outrageousness necessary for tort liability. Rather, we believe that this determination can only be made in a fully developed factual context, where the nature of the video, the reason for its initial creation, as well as the extent and purpose of its dissemination can all be evaluated. Therefore, this determination should await anther day, and another motion in the nature of a summary judgment motion at the close of discovery where the court can consider the undisputed facts. Accordingly, we recommend that this motion to dismiss be denied.

## III.  __Recommendation__

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion to dismiss (Doc. 6), be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the

proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of May 2025.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge